EXECUTORS AND ADMINISTRATORS — NECESSARIES FURNISHED DECEDENT.

A son, who, for 10 years after reaching his majority, lived with, and furnished meat and coal for, his mother and adult sisters and brothers, who lived apart from the husband and father, cannot recover therefor from his mother's estate, unless there is proof that the purchases were made at her request, or that she promised to pay for them.

Judicial settlement of the account of Fred C. Skelly, as administrator of the estate of Mary E. Skelly, deceased. Objections were filed to the administrator's claims for the amounts paid for meat and coal. Sustained.

Philip A. Laing, for administrator.

Ralph Stone (Moses Shire, of counsel), for contestants.

MARCUS, S. Objections have been filed to so much of the administrator's account as charges the estate for meat and coal purchased by him during the past 10 or 12 years, and amounting to the sum of $1,500. Upon the hearing, however, the claimant abandoned so much of the claim as is barred by the statute of limitation. The contest on this account has narrowed down to the claim of the administrator for moneys paid to James Franklin for meats, and to James Hanrahan for coal. The payments to both parties, being under the same circumstances, must be allowed or rejected in their entirety. There is no dispute that those items were furnished, at the home of the decedent, and that the deceased enjoyed the benefit derived from them, along with the other members of the family. The question to be determined is whether the circumstances existing in this case created a legal liability on the part of the deceased to pay her son—this claimant—what was paid by him in the purchases mentioned. No presumption of law arises, requiring the decedent to repay the claimant by reason of the relation of parent and child. Special circumstances may change the presumption of law, and, if they do not exist in this case, this claim must fall. There are no cases which sustain the claim that a mother is ever regarded as the head of a family in the lifetime of the husband and father. The primary liability for necessaries furnished the wife always rests upon the husband. In the absence of an express agreement on the part of the wife to pay, the husband alone is liable. In this case there was a family of adult children living with their mother at the family home, which was the property of the deceased. Her husband, the father of the adult children, lived separate and apart from the family. There is no claim that these goods were ever furnished at the request of the mother, or that she ever contracted for the same, but the proof is clear that the claimant bought the articles in his own name, and paid for the same, and the effort to recover proceeds upon the theory of an implied agreement that she should repay to him what he paid out for her benefit. It does not seem that she was in any way more legally responsible for the necessaries furnished the family than was this claimant himself. She owed no greater duty

to those adult children to support them than did this claimant. There was no obligation on her part to repay this claimant, unless she contracted so to do. The purchases were made by this claimant of his own volition, and the home of the deceased was likewise his home; and it may be safely said that the purchases were as largely for his own benefit, and for the benefit of his adult brothers and sisters, as for the benefit of this deceased, in the absence of any form of proof of an actual contract to repay him. It has been held, where a mother lived with her child, there was no implied promise on her part to pay for board and necessaries furnished by her child. The general rule seems to be that there is no implied promise to pay for services rendered by an adult son to his parent, where the former remains with such parent after attaining the age of majority, and continues to perform services, the same as before he arrives of age, and is maintained by the parent in the same way. And generally it may be said that there is no implied promise to pay either for board or services, as between members of the same family, or between persons more or less intimately related where they reside in the same household. For upwards of 10 years the claimant has been making these purchases in his own name, and the decedent never paid anything for the articles furnished by the claimant; and there is nothing in the case which tends to show that the deceased recognized those purchases as claims against her, or that any such claim was ever made by this claimant during her lifetime. There is nothing in this case to show the relation of debtor and creditor. If an implied agreement is to succeed, such implied contract must be proven by facts and circumstances which show that both parties, at the time the services were performed, contemplated and intended pecuniary recompense. The proofs show that these purchases had been made on the part of the claimant for at least 10 years. That the deceased never paid a dollar on account of any of the goods furnished by the claimant would seem to negative, in the strongest manner possible, any idea of an implied contract. The fact that the deceased was the owner of the property in which she lived, and had upward of $6,000 in a savings bank, does not aid this claimant in his contention that, because she was fully able to make these purchases on her own behalf, they should now be repaid on this accounting, nor does it aid in supporting the theory of an implied contract.

　　The administrator must therefore charge himself with the moneys paid to Franklin and Hanrahan, amounting to the sum of $635.65. Decreed accordingly.